1

2

3

4

5

6

7

8

9

10                              UNITED STATES DISTRICT COURT

11                              EASTERN DISTRICT OF CALIFORNIA

12

13    MARK ANTHONY,                            Case No.  1:18-cv-00096-DAD-MJS (HC)

14                    Petitioner,
                                               **FINDINGS AND RECOMMENDATION TO**
15        v.                                   **DENY REQUEST TO STAY PETITION AND**
                                               **HOLD IT IN ABEYANCE PENDING**
16    JOHN GARZA, Warden,                      **EXHAUSTION OF STATE COURT**
                                               **REMEDIES**
17                    Respondent.
                                               **(ECF No. 18)**
18

19
                                               **THIRTY (30) DAY OBJECTION DEADLINE**
20

21

22         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

23    corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's motion to stay the

24    petition and hold it in abeyance pending his exhaustion of state court remedies. For the

25    reasons stated below, the undersigned will recommend that the motion be denied.

26    **I.     Procedural History**

27         Petitioner initiated this action on December 8, 2017 with the filing of a petition

28

1  challenging the August 13, 2017 decision of the California Board of Parole Hearings,

2  denying him parole. (ECF No. 1.) Therein, Petitioner did not state whether he had

3  presented his claims to the California Supreme Court. He cited to a California Supreme

4  Court decision issued in 2017 (Case No. S238533), but that petition appeared to

5  address Petitioner's underlying conviction. Additionally, a review of the California

6  Supreme Court docket reflects that the petition in Case No. S238533 was disposed of on

7  March 15, 2017, prior to the Board of Parole Hearings' decision at issue in the instant

8  petition.

9      It appearing that Petitioner did not exhaust his state remedies with respect to the

10 claims presented here, the undersigned ordered Petitioner to show cause why his action

11 should not be dismissed. (ECF No. 15.) Petitioner did not respond. Accordingly, the

12 undersigned recommended dismissal of the petition. (ECF No. 17.) Those findings and

13 recommendations remain pending before the District Judge.

14     Petitioner filed no specific objections to the findings and recommendations, but

15 instead filed the instant request to stay the petition and hold it in abeyance pending his

16 exhaustion in state court. (ECF No. 18.) He concedes that he has not exhausted his

17 claims, but states that, on February 20, 2018, he filed a petition for writ of habeas corpus

18 in the Kern County Superior Court and he intends to pursue it through the California

19 Court of Appeal and California Supreme Court, if necessary.

20 **II.    Legal Standard**

21     The petition at issue here is fully unexhausted. A district court has the discretion

22 to stay and hold in abeyance fully unexhausted petitions under the circumstances set

23 forth in Rhines v. Weber, 544 U.S. 269 (2005). Mena v. Long, 813 F.3d 907, 912 (9th

24 Cir. 2016).

25     Under Rhines, a district court abuses its discretion in denying a stay if (1) the

26 petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are

27 potentially meritorious, and (3) there is no indication that the petitioner engaged in

28

1 | intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278. If all three of these

2 | circumstances are found, the court should stay the habeas case and hold it in abeyance

3 | while the petitioner returns to state court to present his unexhausted claims.

4 | **III.    Discussion**

5 | The Court begins by expressing serious doubt as to whether Petitioner has

6 | presented a potentially meritorious claim. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir.

7 | 2005) (holding that claim is "plainly meritless" only if "it is perfectly clear that the

8 | petitioner has no hope of prevailing"). Federal habeas review of state parole decisions is

9 | extremely limited. A district court may entertain a petition for a writ of habeas corpus by a

10 | person in custody pursuant to the judgment of a state court only on the ground that the

11 | custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C.

12 | §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v.

13 | Corcoran, 562 U.S. 1, 5 (2010).

14 | California law creates a liberty interest in parole that is protected by the

15 | Fourteenth Amendment's Due Process Clause. See Swarthout v. Cooke, 562 U.S. 216,

16 | 219 (2011). However, "[t]here is no right under the Federal Constitution to be

17 | conditionally released before the expiration of a valid sentence, and the States are under

18 | no duty to offer parole to their prisoners." Id. at 220. Instead, the existence of a State-

19 | created liberty interest requires only that fair procedures be implemented for its

20 | vindication. Id.

21 | In this regard, the Constitution requires only that a potential parolee be provided

22 | an opportunity to be heard and a statement of reasons why parole was denied.

23 | Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979);

24 | Swarthout, 562 U.S. at 220. Prisoners who are "allowed to speak at their parole hearings

25 | and to contest the evidence against them, [are] afforded access to their records in

26 | advance, and [are] notified as to the reasons why parole was denied" have been

27 | afforded all of the process due under the Fourteenth Amendment. Swarthout, 562 U.S.

28 |

1   at 221. This Court may not go further to inquire whether the procedures produced "the

2   result that the evidence required" or whether the state has "unreasonably determined the

3   facts in light of the evidence." Id. at 220-21.

4       Here, Petitioner contends that the Parole Board's determination was

5   unreasonable in light of the facts. Specifically, he contends that the Board relied on a

6   conviction history that included a crime (kidnapping) that Petitioner did not commit. He

7   contends that this error or fabrication resulted from a history of racial discrimination and

8   collusion between the Sacramento District Attorney's Office and the Parole Board.

9       As stated, however, the Court cannot review whether the facts presented at the

10   hearing supported the Parole Board's determination. And, while Petitioner's claims of

11   bias on the part of the decision-maker may facially implicate the Due Process clause,

12   they appear to be based entirely on speculation.

13       In any event, even assuming that Petitioner has presented a potentially

14   meritorious claim, he has not shown good cause for his prior failure to exhaust and the

15   Court has no basis to determine whether or not Petitioner has engaged in dilatory

16   tactics. Petitioner offers no explanation as to why he did not sooner exhaust his claims.

17   **IV.     Conclusion and Recommendation**

18       Based on the foregoing, Petitioner has not met the requirements for a stay under

19   Rhines. Accordingly, it is HEREBY RECOMMENDED that his request to stay the petition

20   and hold it in abeyance be DENIED.

21       The findings and recommendation are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

23   **THIRTY** (30) days after being served with the findings and recommendation, Petitioner

24   may file written objections with the Court. Such a document should be captioned

25   "Objections to Magistrate Judge's Findings and Recommendation." Petitioner is advised

26   that failure to file objections within the specified time may result in the waiver of rights on

27

28

appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v.</u> <u>Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    March 27, 2018                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE