UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JOHN GARZA,<br><br>　　　　Respondent. | Case No. 1:18-cv-00096-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 23 |

Petitioner Mark Anthony, a state prisoner proceeding without counsel, brought this habeas action on December 8, 2017. ECF No. 1. Petitioner then filed a motion to stay the petition and hold it in abeyance pending exhaustion of state court remedies. ECF No. 18. On March 27, 2018, Magistrate Judge Seng recommended that the motion to stay be denied because petitioner had not shown good cause for failing to exhaust sooner.[1] ECF No. 19 at 4. On July 18, 2018, Judge Seng's recommendations were adopted by Judge Drozd, and the petition was dismissed because it contained only unexhausted claims. ECF No. 21. More than two years later, petitioner filed a motion to continue his habeas petition. ECF No. 23. In his motion, petitioner states that he has now fully exhausted the claims in the dismissed petition and requests that petition he filed

---

[1] The case was reassigned to me in April of 2018, after Judge Seng had filed his recommendations. ECF No. 20.

1

in 2017 be allowed to proceed. *Id.* at 2-3. Given the posture of this case, I construe his motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b). I recommend that his motion be denied.

Under Rule 60(b), a party may request reconsideration of a final order or judgment. Fed. R. Civ. P. 60(b). There are five circumstances identified in the rule that justify reopening final judgment: (1) mistake, (2) newly discovered evidence, (3) fraud by the opposing party, (4) the judgment is void, or (5) the judgment has been satisfied, released, or discharged. Fed. R. Civ. P. 60(b)(1)-(5). There is also a final catch-all category that allows for reconsideration for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

More than two years have passed since Judge Drozd dismissed this case. It appears that petitioner spent that time exhausting his claims in state court. ECF No. 23 at 2. But the basis for dismissal was that petitioner was not entitled to a stay. Granting petitioner's motion and allowing him to "continue" this case now that exhaustion has been completed would effectively grant him the stay that the court found unwarranted. And petitioner has not offered any argument that Judge Drozd was wrong to deny the motion for stay.[2] Finally, as a procedural matter, the petition cannot "continue" because it was dismissed without prejudice and, thus, is no longer operative. *See United States v. California*, 932 F.2d 1346, 1351 (9th Cir. 1991) (stating that the legal effect of a dismissal without prejudice is to render the action as if it had never been filed).

If petitioner wishes to reassert his claims now that they have been exhausted in state court, he should file a new petition in a separate case. *See*, *e.g.*, *Hernandez v. Montgomery*, No. CV 19-2727-AB (KS), 19-2019 U.S. Dist. LEXIS 227526, *7 (C.D. Cal. 2019) (noting that where a court dismisses a petition "there would be no petition to stay, and no ability to file an amended petition—Petitioner would need to file a new petition in a new action against Respondent").

---

[2] Such argument would be time-barred. Under Rule 60, any argument that the judgment was mistaken must be brought within one-year of the entry of judgment. Fed. R. Civ. P. 60(c)(1).

I recommend that petitioner's motion to continue his habeas petition, ECF No. 23, which I construe as a motion for relief from judgment pursuant to Rule 60(b), be denied.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days of service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.


Dated:     December 11, 2020                                  /s/ Jeremy Peterson
                                                              JEREMY D. PETERSON
                                                              UNITED STATES MAGISTRATE JUDGE

3